JOHN B. ALLEY & another *vs.* WILLIAM R. LAWRENCE.

A devise to executors in trust for the support of the testator's children, with power
to sell and convey any portion of the land, gives them a right to sell and convey
in their own names without giving other bonds than as executors.

Lands conveyed by a marriage settlement to trustees with power to sell with the
consent of the husband and wife, or the survivor of them, and after their deaths
to hold in trust for the use of their children, for such estates and interests, in such
shares and in such manner as the wife shall by deed or will appoint, cannot be
authorized by her will to be sold.

ACTION OF CONTRACT, with two counts, by the executors of
the will of Sarah Burroughs Foster, formerly Sarah Burroughs
Alley, widow of Joseph W. Foster, upon an agreement to pur-
chase for distinct prices three twelfths and one twelfth, undi-
vided, of certain land in Boston. The parties agreed that if
upon the following facts the plaintiffs could convey a good title
in their own names, judgment should be entered for them; other-
wise, for the defendant.

By an antenuptial settlement between Miss Alley, Mr. Foster
and trustees, her real and personal estate was conveyed in trust
to pay the income to her for life, then to her husband if he
should survive her; and in case he should not survive her, then at
and from her decease "to the use of all and every the child and
children of the said Sarah Burroughs for such estates and inter-
ests and in such shares and proportions, and to be vested in him,
her or them at such respective ages or times and in such man-
ner," as she should by her separate deed or will direct or appoint.
The settlement also gave the trustees power to sell with the
consent of the husband or wife, or of the survivor of them.
The wife survived the husband, and by a will made after his
death devised all her estate, after the payment of debts, to the
plaintiffs, in trust to support and maintain her children, and
upon the youngest coming of age to divide it among them
equally; and, under the power given her in the marriage settle-
ment, directed, appointed, devised and bequeathed all the estate
included therein to the plaintiffs in trust for the same purposes;
and authorized them " to invest and reinvest the said estates in

any manner they may deem most expedient, and to sell and convey any portion thereof, and to give suitable deeds, acquittances and discharges respecting the same." The one twelfth mentioned in the second count was included in the marriage settlement. The three twelfths descended to Mrs. Foster during coverture. The plaintiffs were duly qualified and gave bonds as executors, but have given no other bonds, nor obtained any license of court to sell. The personal estate of the testatrix was insufficient to pay her debts.

*F. O. Watts & O. G. Peabody*, for the plaintiffs.

*E. S. Rand, Jr.*, for the defendant.

METCALF, J. The court are of opinion that the plaintiffs had authority, under Mrs. Foster's will, to sell and convey to the defendant three undivided twelfths of the parcels of land described in the contract between him and them. As Mrs. Foster acquired this fractional part after her marriage, it was not included in the marriage settlement. She therefore had the legal power to authorize her executors to sell it. And she did authorize them by her will, to sell it, as executors. The deed thereof, which they tendered to the defendant, would have given him a good title thereto ; and by his refusal to accept that deed and make payment, according to his contract with the plaintiffs, he has made himself liable to this action for the damages which they have sustained in consequence of his breach of contract.

But the court are of opinion that the plaintiffs had not authority to sell the one undivided twelfth of the land described in the aforesaid contract, and therefore that the defendant is not answerable to the plaintiffs for refusing to accept their deed thereof, and pay them the agreed consideration. Mrs. Foster owned this fractional part of the land before her marriage, and she conveyed it, with other real estate, to trustees, by a marriage settlement. By this settlement the trustees were empowered to sell the real estate, with the consent, in writing, of Mrs. Foster and her husband, or of the survivor of them. By the death of Mr. and Mrs. Foster this power of the trustees was ended. Mrs. Foster, however, by the marriage settlement, retained a power of appointment, under which she might direct, by will, how the

property, which was conveyed to the trustees, should be distributed among her children. But she did not retain the power to authorize or appoint a sale of that property. Her will, therefore, gave no authority to the plaintiffs to sell the one twelfth of the aforesaid land. She could not give them that authority. It follows that the defendant rightfully refused to accept their deed of the one twelfth and pay the stipulated consideration.

The plaintiffs are entitled to judgment on the first count in their declaration, and the defendant on the second count